UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| ALEXANDRA STARK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA FOUNDATION, a North Carolina not for profit corporation, and CHANGE HEALTHCARE INC, a Delaware registered corporation,<br><br>*Defendants*. | Case No. 1:23-cv-00022<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

# CLASS ACTION COMPLAINT

Plaintiff Alexandra Stark ("Plaintiff Stark" or "Stark") brings this Class Action Complaint and Demand for Jury Trial against Defendant Blue Cross and Blue Shield of North Carolina Foundation ("Defendant BCBS" or "BCBS") and Defendant Change Healthcare Inc. ("Defendant Change Healthcare" or "Change Healthcare") to stop the Defendants from violating the Telephone Consumer Protection Act by making pre-recorded calls to consumers without consent and for failing to stop the calls when consumers expressly request to not be called. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendants' conduct. Plaintiff Stark, for this Complaint, alleges as follows upon personal

knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## PARTIES

1. Plaintiff Alexandra Stark is a resident of King, North Carolina.

2. Defendant BCBS is a North Carolina registered not-for-profit corporation headquartered in Durham, North Carolina. Defendant BCBS conducts business throughout this District and throughout North Carolina.

3. Defendant Change Healthcare is a Delaware registered corporation headquartered in Nashville, Tennessee. Defendant Change Healthcare conducts business throughout this District and throughout the U.S.

## JURISDICTION AND VENUE

4. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

5. This Court has personal jurisdiction over the Defendants and venue is appropriate because Defendant BCBS has its headquarters in this District and Change Healthcare conducts business in this District, and the calls in this case were directed to Plaintiff who resides in this District.

## INTRODUCTION

6. As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.7 billion robocalls were placed in November 2022 alone, at a rate of 158.2 million per day. www.robocallindex.com (last visited December 18, 2022).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and

232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant BCBS is an independent licensee of the Blue Cross and Blue Shield Association, which provides health insurance solutions to consumers throughout North Carolina.[3]

15. Defendant Change Healthcare is a healthcare technology corporation that provides solutions to healthcare providers such as BCBS to increase enrollment in certain programs.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/bluecrossnc/about/

16. Defendant Change Healthcare operates using the name My Advocate:



17. Defendant Change Healthcare operates using the name My Advocate to enroll consumers into different Medicare and health plan solutions.[5]

18. Defendant BCBS hired Defendant Change Healthcare to place calls on its behalf.

19. Defendant BCBS provides consumer phone numbers to Defendant Change Healthcare, including the phone number belonging to Plaintiff Stark.

20. Defendant Change Healthcare places pre-recorded calls to consumers in order to identify BCBS customers and increase their enrollment in certain programs.

---

[4] https://myadvocatehelps.com/
[5] https://www.changehealthcare.com/eligibility-enrollment/my-advocate

21. Defendant BCBS is aware, or should be aware of pre-recorded calls that Defendant Change Healthcare places to consumers. A cursory look online shows that consumers are receiving pre-recorded calls from Defendant Change Healthcare using the name My Advocate. In addition, consumer complaints that have been posted online show that consumers have complained about these calls to BCBS directly, including:

- "I called the number I had stored for Blue Cross, First there is nothing happening with my account, and they have no record of calling me. Second, They reported that this is not a Blue Cross number."[6]

- > **Initial Complaint**
  > 06/27/2022
  >
  > **Complaint Type:** Problems with Product/Service
  > **Status:** Answered
  >
  > This company has REPEATEDLY called my phone using robocalls, attempting to sell some type of health service. I am not a member of their services, nor have I requested any information from them. I literally have nothing to do with this company, and my number is of the federal do not call list. This is a clear violation of the TCPA. At this point, I need to speak to the company's attorney or legal representative to resolve this matter. Absolutely no other solution will be accepted or even considered. They may reach me at the email I provided. [7]

22. There are many complaints posted online about unwanted pre-recorded calls that consumers have received from Defendant Change Healthcare, including calls placed on behalf of Defendant BCBS, and complaints about wrong number calls, such as:

---

[6] https://www.shouldianswer.com/phone-number/2024809927
[7] https://www.bbb.org/us/nc/durham/profile/health-insurance/blue-cross-and-blue-shield-of-north-carolina-0593-2417/complaints?page=2

> **(202) 480-9927 is a Robocall**
> Do not answer.
>
> **LISTEN** ▶ 0:00
>
> **TRANSCRIPT** Hello. This is my advocate calling on behalf of Blue Cross and Blue Shield of North Carolina. Paris spaniel oprimaluno. Am I speaking with Steven writings or an authorized representative? <u>Please press one brief or three for no.</u>
>
> **DATE BLOCKED** December 10, 2022

[8]

- "Medical claimant at the wrong number"[9]

- "Left this entire message in my voicemail [My name is Mary Beth I have some important information to share with 'my name' and I'll say yes or press one if I'm speaking to the right person OK if this person is available and can come to the phone please say wait if you prefer to take a message for this person please say message if we called the wrong number please say wrong number if I have the right person please say yes or press one… ][10]

- "wrong number"[11]

23. Many consumers like Plaintiff are receiving unwanted pre-recorded calls from Defendant Change Healthcare, despite requests for the calls to stop.

---

[8] https://www.nomorobo.com/lookup/202-480-9927
[9] https://www.shouldianswer.com/phone-number/2024809927
[10] https://800notes.com/Phone.aspx/1-317-220-6689
[11] https://www.shouldianswer.com/phone-number/8442100245

24. In response to these calls, Plaintiff has filed this lawsuit seeking injunctive relief requiring the Defendants to cease violating the Telephone Consumer Protection Act, as well as an award of statutory damages to the members of the Classes and costs.

**FACTUAL ALLEGATIONS**

25. Plaintiff Stark's cell phone number is not associated with a business and is used for personal use only.

26. Plaintiff Stark is the sole user and owner of her cell phone number ending in 8414.

27. Plaintiff Stark acquired her cell phone number in September of 2022.

28. When Plaintiff acquired her cell phone, she began receiving identical unwanted pre-recorded calls from Defendant Change Healthcare on behalf of Defendant BCBS from various phone numbers.

29. The pre-recorded calls indicate the names My Advocate and Blue Cross and Blue Shield of North Carolina. The message then asks Plaintiff Stark to press '1' if she is the name mentioned by the automated message, or to press '3' if she is not the intended recipient of the call.

30. Plaintiff Stark has pressed '3' at least 3 times, but the unwanted pre-recorded calls have continued.

31. For example, having already opted out from receiving additional pre-recorded calls, Plaintiff received a call on November 16, 2022 at 5:59 PM from Defendant Change Healthcare on behalf of Defendant BCBS using phone number 202-480-9927. During this call, Plaintiff pressed '3' once more to try and stop the calls.

32. Frustrated by her previous attempts to stop the calls, Plaintiff called 202-480-9927 on November 16, 2022 at 6:00 PM but she was unable to get through to a live agent so she could ask for the calls to stop.

33. Despite all the stop requests she had made, Plaintiff received yet another unwanted call from the Defendants on Thanksgiving – November 24, 2022. This call was not answered but a pre-recorded voicemail was left asking Plaintiff to confirm if she is Delores Taylor by pressing '1' and to press '3' if she is not.

34. Plaintiff then received another unwanted call from the Defendants on December 22, 2022 at 2:02 PM. This call was not answered but a pre-recorded voicemail was left asking Plaintiff to confirm if she is Delores Taylor by pressing '1' and to press '3' if she is not.

35. When 202-480-9927 is called, an automated message identifies the company as My Advocate on behalf of Blue Cross and Blue Shield of North

Carolina, as per Plaintiff's experience and based on an investigation conducted by Plaintiff's attorneys.

36. Plaintiff is not and has never been a member of Blue Cross and Blue Shield insurance or affiliated with Defendant Change Healthcare.

37. The unauthorized pre-recorded calls that Plaintiff received from Change Healthcare on behalf of BCBS, as alleged herein, have harmed Plaintiff Stark in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

38. Seeking redress for these injuries, Plaintiff Stark, on behalf of herself and Classes of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

39. Plaintiff Stark brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Change Healthcare, on behalf of Defendant BCBS, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff (3) without prior express consent.
>
> **Pre-recorded Stop Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1)

Defendant Change Healthcare, on behalf of Defendant BCBS, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff (3) after the call recipient opted-out from receiving additional calls.

40. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendants have been fully and finally adjudicated and/or released. Plaintiff Stark anticipates the need to amend the Class definitions following appropriate discovery.

41. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable.

42. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class.

Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendants' conduct violated the TCPA;

    (b)    Whether Defendants placed pre-recorded voice message calls to Plaintiff Stark and members of the Pre-recorded No Consent class without first receiving consent to make the calls;

    (c)    Whether Defendants continued to place pre-recorded voice message calls to Plaintiff Stark and members of the Pre-recorded Stop class after being instructed to stop calling;

    (d)    whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

43. **Adequate Representation**: Plaintiff Stark will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Stark has no interests antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff. Plaintiff Stark and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Stark nor her counsel have any interest adverse to the Classes.

44. **Appropriateness**: This class action is also appropriate for certification because the Defendants have acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendants' business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendants' conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Stark. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendants' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Stark and the Pre-Recorded No Consent Class)**

45. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

46. Defendant Change Healthcare, on behalf of Defendant BCBS transmitted unwanted telephone calls to Plaintiff and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

47. These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

48. The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of the Defendants' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Stark and the Pre-Recorded Stop Class)**

49. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

50. Defendant Change Healthcare, on behalf of Defendant BCBS placed unwanted pre-recorded calls to Plaintiff and members of the Pre-recorded Stop class after being instructed to stop calling, including through Defendant Change Healthcare's automated prompt system.

51. The Defendants have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of the Defendants' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Stark individually and on behalf of the Classes, prays for the following relief:

52. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Stark as the representative of the Classes; and appointing her attorneys as Class Counsel;

53. An award of actual and/or statutory damages and costs;

54. An order declaring that Defendants' actions, as set out above, violate the TCPA;

55. An injunction requiring the Defendants to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

56. Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Stark requests a jury trial.

DATED this 10th day of January, 2023.

**ALEXANDRA STARK**, individually and on behalf of all others similarly situated,

By: /s/ *Ryan Duffy*
**The Law Office of Ryan P. Duffy, PLLC**
1213 W. Morehead Street
Suit 500, Unit #450
Charlotte, North Carolina 28208
ryan@ryanpduffy.com
Telephone: (704) 741-9399

Stefan Coleman
**Coleman PLLC**
66 West Flagler Street
Suite 900
Miami, Florida 33130
law@stefancoleman.com
Telephone: (877) 333-9427

Avi R. Kaufman
**KAUFMAN P.A**
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
kaufman@kaufmanpa.com
Telephone: (305) 469-5881