IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ALEXANDRA STARK, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:23-CV-22 |
| BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA and CHANGE HEALTHCARE RESOURCES, LLC, | ) ) ) ) ) | |
| Defendants. | ) | |

## **ORDER**

The Court has reviewed the materials submitted in support of final approval and requires clarification and likely additional evidence.

First, the Court has questions about the numbers. The court sees no evidence setting forth in non-conclusory terms how the numbers and identifies of class members were initially ascertained or setting forth how the various numbers in the various submissions, which are not consistent, were obtained. This matters for the threshold inquiry and for the predominance inquiry. Evidence in the form of one or more declarations under oath seems necessary before the Court can find that the data and methods used provided a reliable way to ascertain who was and was not a class member.

Second, at the upcoming hearing, counsel should be prepared to address why what appears to be a high number and high percentage of unidentifiable class members does not preclude the necessary threshold finding that class members are readily identifiable.

Third, the Court understands that *cy pres* distribution of unclaimed settlement funds should address the objectives of the underlying statutes, target the plaintiff class, and provide reasonable certainty that class members will benefit. *See Nachshin v. AOL, LLC*, 663 F.3d 1034, 1040 (9th Cir. 2011); *In re Easysaver Rewards Litigation*, 906 F.3d 747, 762 (9th Cir. 2018); *Krakauer v. Dish Network*, LLC, 2020 WL 6292991, at *3 (M.D.N.C. Oct. 27, 2020). At the upcoming hearing, counsel should be prepared to address if this standard is correct and how it is met by the proposed *cy pres* recipient. *See* Doc. 63-1 at ¶ 7.7 (identifying national Legal Aid and Defender Association as agreed-upon *cy pres* recipient).

Counsel may, but is not required to, submit a supplemental brief in support. Any such brief must cite specific evidence for each factual assertion.

This the 13th day of January, 2025.

_____
UNITED STATES DISTRICT JUDGE